**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

HELEN ZAWASK, Individually and as the )
Personal Representative of the ESTATE OF )
JOHN R. ZAWASKI , )
          )   C.A. No.   N20C-03-143 DCS
          Plaintiff, )
          )
    v. )
          )
          )
CHRISTIANA CARE HEALTH SERVICES, Inc., )
PINNACLE REHABILITATION & HEALTH )
CENTERS, INC., PINNACLE REHABILITATION,)
L.L.C., and BAYADA HOME HEALTH CARE, )
INC. )
          )
          Defendants. )

## <u>ORDER</u>

This 7th day of July, 2020, Defendant, Christiana Care Health Services, Inc., having requested review of the Affidavit of Merit and the Curriculum Vitae of Plaintiff's expert pursuant to 18 *Del. C.* § 6853(d), and it appearing that:

1. Section 6853(a)(1) of Title 18 of the Delaware Code requires the plaintiff to file: "An affidavit of merit as to each defendant signed by an expert witness, … and accompanied by a current curriculum vitae of the witness, stating there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant." Section 6853(c) further provides:

> The affidavit(s) of merit shall set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant(s) and that the breach was a proximate cause of injury(ies) claimed in the complaint. An expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit; and in the 3 years immediately preceding the alleged negligent act [the expert must have] been engaged in the treatment of patients and/or the teaching/academic side of medicine in the same or

similar field of medicine as the defendant(s), and the expert shall be Board certified in the same or similar field of medicine of the defendant(s) is Board certified.

2.	The Court has reviewed *in camera* the affidavit of merit and the accompanying curriculum vitae of Plaintiff's expert.  The Court finds:

(a)	The affidavit is signed by an expert witness.

(b)	The affidavit is accompanied by a current curriculum vitae.

(c)	The curriculum vitae shows that the affiant is licensed to practice nursing in Pennsylvania, is a certified legal nurse consultant, and specializes in critical care nursing; and in the 3 years preceding the alleged negligent act, had engaged in the treatment of patients and the practice of critical care nursing.

(d)	The affidavit sets forth the expert's opinion that there are reasonable grounds to believe that the care and treatment rendered to Mr. Zawaski constituted nursing negligence as to each Defendant and fell below the accepted medical standards as it relates to each of the claims in the complaint.

(e)	The affidavit sets forth the expert's opinion that the Defendants knew that Mr. Zawaski was at risk for a skin breakdown and that the failure of nurses to prevent pressure ulcers from developing and worsening is a deviation from acceptable standards of care and was the proximate cause of the injuries sustained.

(f)	The expert tendered its opinion to a reasonable degree of nursing probability.

.**WHEREFORE,** the Court finds that Plaintiff's affidavit of merit complies with 18 *Del. C.* §§ 6853 (a)(1) and (c).

**IT IS SO ORDERED.**


    /s/ Diane Clarke Streett    
Diane Clarke Streett, Judge


Original to Prothonotary

cc:	Gary S. Nitsche, Esquire
Stephen J. Milewski, Esquire
Colleen Shields, Esquire

2